ON MOTION TO DISMISS
BARNETTE, Judge.
The defendant, City of New Orleans, has appealed from a judgment in favor of the plaintiff, Olympia Roofing Company, Inc., declaring and recognizing plaintiff to be the owner of a certain *99 parcel of land and further ordering' the City of New Orleans, through its proper officers and agents, to issue a building permit to plaintiff. The matter is now before the court on plaintiff’s motion to dismiss the appeal.
Pursuant to the authority of Article XIV, Section 31.3 of the Constitution of Louisiana, the City of New Orleans entered into an agreement with certain railroad companies serving the City of New Orleans in furtherance of its plans for the building of Union Passenger Terminal and necessary facilities incident thereto. By the terms of the agreement the City acquired from one of the railroad companies the parcel of land which is now claimed in ownership by plaintiff and concerning which it seeks a building permit for construction of buildings and improvements. To implement the Union Passenger Terminal project, the City of New Orleans created the “Union Passenger Terminal Committee” and vested it with certain powers and authority to act for and on behalf of the City of New Orleans.
The parcel of land in question was declared to be surplus property and not needed by the City of New Orleans, and by resolution of the Union Passenger Terminal Committee, January 11, 1968, its sale to plaintiff was authorized. Pursuant to that resolution of authority “THE CITY OF NEW ORLEANS THROUGH NEW ORLEANS UNION PASSENGER TERMINAL COMMITTEE,” through its duly authorized representative, sold and conveyed the property by a conventional warranty deed to Olympia Roofing Company, Inc., for $22,784.15. Payment of that sum was duly made and by agreement with Hibernia National Bank, as trustee under the terms of an indenture securing the Passenger Terminal revenue bonds, the payment was received by the trustee and the parcel of land was released from all encumbrance by virtue of the indenture.
When plaintiff sought to obtain a building permit for improvement of the property, its application was denied by the City of New Orleans through its Director of Safety and Permits for the alleged reason:
“ ‘ * * * it has come to my attention that Square 642 is controversial and upon advise [sic] of the Law Department City of New Orleans, the sale of Square 642 by the Union Passenger Terminal to Olympia Roofing Company, Inc. is a nullity.
“ ‘In view of this legal determination, this office is without power to sanction any constructive permit to Olympia Roofing Co., Inc. until such time as Olympia Roofing Co., Inc. can assure this office that they are the legal owner in title I must reject your offer for a building permit.’ ”
Plaintiff then filed this suit naming as defendants the City of New Orleans, its Director of Safety and Building Permits, the Building Inspector, and the City of New Orleans Union Passenger Terminal Committee, seeking a declaratory judgment recognizing its ownership of the parcel of land in question and also a mandamus directing issuance of the building permit.
Answers were timely filed and the essential facts were admitted. The defendant, “City of New Orleans by and through the New Orleans Passenger Terminal Committee,” affirmatively asserts all of plaintiff’s claims and prays for judgment recognizing plaintiff’s ownership of the property.
The City of New Orleans and its Director of Safety and Building Permits and the Building Inspector answered denying the authority of the New Orleans Union Passenger Terminal Committee to sell the property to plaintiff. It is asserted that the final authority for such sale lies in the Commission Council and furthermore there is no authority for private sale of public lands.
Plaintiff filed a motion for summary judgment, and after a hearing judgment *100 was rendered in plaintiff’s favor as prayed. The court cited as authority for its judgment City of New Orleans v. Dupuy Storage and Forw. Corp., 215 La. 795, 41 So.2d 721 (1949). The City of New Orleans appealed. The Terminal Committee has answered the appeal in this court praying for affirmance of the judgment in plaintiff’s favor.
The motion to dismiss the appeal appears to be based on the contention that the City of New Orleans has no right of appeal; that it should not be aggrieved by the judgment; that it cannot challenge plaintiff’s title which was acquired from the City of New Orleans and which the City is bound in warranty to defend. It further argues that the City of New Orleans has not affirmatively asserted a position to challenge the validity of plaintiff’s title. It argues further that the Director of the Department of Safety and Permits has no authority to challenge plaintiff’s ownership or to express a legal opinion thereto, and finally plaintiff asserts that this is a dispute between the City of New Orleans and the Union Passenger Terminal Committee which should not involve plaintiff to deny it the use of its property for which the City has accepted a substantial payment.
None of the reasons relied upon by plaintiff impresses us nor do we know of any other reason why the appeal should be dismissed.
We express no opinion on the method which the City of New Orleans has employed to challenge plaintiff’s ownership of the property in question, but it has raised serious questions of law which properly address themselves to this court on appeal.
The motion to dismiss the appeal is denied.
Motion to dismiss denied.